UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA NAVARRO CARRILLO and JOSE GARZON,
on behalf of M.G. as p.n.g., and MARIA NAVARRO
CARRILLO and JOSE GARZON, individually,

                Plaintiffs,                              **COMPLAINT**

       -against-                                           20 CV \_\_\_\_\_

RICHARD CARRANZA, in his official capacity as
Chancellor of the NEW YORK CITY DEPARTMENT
OF EDUCATION, THE NEW YORK CITY DEPARTMENT
OF EDUCATION, and NEW YORK STATE
EDUCATION DEPARTMENT,

                Defendants.
------------------------------------------------------------------------X

      Maria Navarro Carrillo and Jose Garzon, as the parents and natural guardian of M.G.[1], and Maria Navarro Carrillo and Jose Garzon, individually, as and for their Complaint, allege as follows:

## JURISDICTION AND VENUE

1. The instant case arises under a federal statute, the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. § 1400 et seq.) and the regulations of the United States Department of Education, which were promulgated pursuant to authority granted by the statute (34 C.F.R. Part 300).

2. This Court has subject matter jurisdiction of this matter under 28 U.S.C. § 1331, in that claims arise under federal law (IDEA), 28 U.S.C. § 1343(a), in that the claims herein arise under laws providing for the protection of civil rights, and under 42 U.S.C. § 1983.

---

[1] Although the full name of the Parent is used in the Complaint and order to show cause herein, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to protect the Student's privacy.

1

3. To the extent, if any that this case involves questions of special education rights under New York State law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Pursuant to 28 U.S.C. § 1391(b), venue is properly placed within the Eastern District of New York in that defendant New York City Department of Education ("DOE") maintains a business office in Kings County (Brooklyn).

5. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415B(i) if determined to be the prevailing party.

## **FACTUAL ALLEGATIONS**

6. Maria Navarro Carrillo and Jose Garzon ("Parents") are the parents and legal guardians of the student M.G.

7. M.G. is an 12-year-old girl who suffers from a brain injury. As a result of her brain injury, she has global developmental impairments. These impairments adversely affect her educational abilities and performance. M.G. is non-verbal and non-ambulatory and has highly intensive management needs and requires a high degree of individualized attention, instruction and intervention.

8. M.G. is classified as a student with a disability. As such, the Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE"), is obligated to provide her with a Free and Appropriate Public Education ("FAPE") pursuant to the federal Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), and New York State Education Law. Accordingly, the DOE must provide M.G. with an appropriate educational placement, set forth in an Individualized Education Program ("IEP"), for every school year.

9. M.G. was a student at the International Academy of Hope ("iHOPE") during the 2017-2018 school year. During that school year, M.G. received all academic and related services at

iHOPE. She had an extended school day and was part of a twelve (12)-month academic program.

10. During the 2017-2018 school year, because of her medical needs, M.G. received special transportation services that consisted of a 1:1 transportation paraprofessional, a wheel chair accessible vehicle, air conditioning, porter service and limited travel time of no more than 60 minutes.

11. In the Findings of Fact and Decision ("April 27th FOFD") rendered by Impartial Hearing Officer Suzanne M. Carter ("IHO Carter") on April 27, 2018 in Impartial Hearing Case No. 170968, IHO Carter found that DOE had denied M.G. a FAPE and that iHOPE was appropriate for M.G.'s education, awarding full tuition and cost of related services at iHOPE to the Parents on behalf of M.G. for the 2017-2018 school year. DOE did not appeal the April 27th FOFD.

12. On June 21, 2018, Parents provided DOE with a 10-Day Notice indicating that M.G. was being placed into the International Institute for the Brain ("iBRAIN") educational program for the 2018-2019 school year ("SY").

13. On July 9, 2018, M.G. started attending iBRAIN and has remained enrolled at iBRAIN for the entirety of the 2018-2019 SY and the current school year.

14. During the 2018-2019 SY, M.G. received all academic and related services within an extended school day and was part of a twelve (12)-month academic program.

15. M.G. received special transportation services consisting of a 1:1 transportation paraprofessional, a wheel chair accessible vehicle, air conditioning, porter service and limited travel time of no more than 60 minutes.

16. On July 9, 2018, Parents brought an administrative due process complaint under Impartial Hearing Case No. 175159 against DOE alleging, among other things, that the DOE did not

3

provide M.G. with a FAPE for the 2018-2019 school year and requesting as relief, among other things, a "stay-put" or pendency order requiring the DOE fund M.G.'s placement at iBRAIN during the pendency of the due process proceeding, including special transportation accommodations, as required under 20 U.S.C. § 1415(j).

17. IHO Suzanne Carter ("IHO Carter") was assigned to hear the case.

18. After holding hearings on March 11, 2019, April 9, 2019, April 29, 2019 and June 13, 2019, IHO Carter issued an FOFD ("September 21st FOFD") in Case No. 175159 on September 21, 2019.

19. In the September 21st FOFD, IHO Carter denied Parents' request for tuition funding, finding that DOE had offered M.G. a FAPE for the 2018-2019 school year, that the Parents' unilateral placement of M.G. at iBRAIN was not appropriate and that equitable considerations did not favor an award of tuition funding. Despite these findings, the IHO awarded funding for transportation costs.

20. DOE appealed from the September 21st FOFD to the State Review Office ("SRO") of the New York State Education Department, and Parents cross-appealed.

21. On December 4, 2019, State Review Officer Justyn Bates ("SRO Bates") rendered a decision in SRO Appeal No. 19-107, sustaining DOE's appeal and dismissing Parents' cross-appeal.

22. The SRO erred in failing to find reversible error in the September 21st FOFD based on IHO Carter's failure to find a denial of FAPE in the fact the DOE disregarded the April 27th FOFD, requiring DOE to issue an IEP incorporating all elements of M.G.'s IEP at iHOPE.

23. The SRO erred in failing to find reversible error in the September 21st FOFD based on IHO Carter's preclusion of the Parents from questioning DOE witnesses regarding its disregard of the April 27th FOFD.

24. The SRO erred in failing to find reversible error in the September 21st FOFD based on IHO Carter's refusal to find that M.G.'s pendency placement for the 2018-2019 SY is at iBRAIN, despite the reversal of the IHO's pendency order to the contrary.[2]

25. The SRO erred in failing to find reversible error in the September 21st FOFD based on IHO Carter's finding that the DOE's untimely compliance with conducting an annual review for M.G. was not significant.

26. The SRO erred in failing to find reversible error in the September 21st FOFD based on IHO Carter's failure to find a denial of FAPE in DOE's failure to have a medical doctor present at the IEP meeting ("March 19th IEP Meeting") on March 19, 2018.

27. The SRO erred in failing to find reversible error in the September 21st FOFD based on IHO Carter's failure to find a denial of FAPE in DOE's failure to reconvene an IEP meeting with a medical doctor's participation in person, despite Parents' request in writing for such participation.

28. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's failure to find a denial of FAPE in a deficiency of evaluations prior to the March 19th IEP Meeting.

29. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's failure to find a denial of FAPE in DOE's refusal to reconvene an IEP meeting within sixty (60) days of Parents' request.

30. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's failure to find a denial of FAPE in DOE's improper change of M.G.'s IDEA classification from traumatic brain injury ("TBI") to multiple disabilities.

---

[2] In *Carrilo, et al. v. NYC Dep't of Educ.*, 19 CV 2944 (CM), ECF No. 19 (S.D.N.Y., June 13, 2019), Chief Judge McMahon vacated and reversed IHO Carter's pendency order denying Parents' request for a finding that M.G.'s pendency placement for the 2018-2019 SY is at iBRAIN.

31. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's failure to find a denial of FAPE in DOE's violation of 8 N.Y.C.R.R. §200.6(h)(4)(ii)(a), requiring that the maximum class size for students whose management needs are highly intensive and requiring a high degree of individualized attention and intervention shall not exceed six (6) students.

32. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's failure to find a denial of FAPE in DOE's unjustified reduction of related services for M.G.

33. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's failure to find a denial of FAPE in the omission of assistive technology services from the IEP ("March 19th IEP") developed at the IEP Meeting.

34. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's failure to find a denial of FAPE in DOE's improper delegation of its non-delegable duty to develop and recommend appropriate related services, including transportation services.

35. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's failure to find a denial of FAPE in DOE's predetermination of M.G.'s IDEA classification and recommendations concerning M.G.'s related services.

36. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's finding that iBRAIN was not appropriate for M.G. because it was not vetted by a state or regional agency.

37. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's finding that iBRAIN was not appropriate for M.G. because its director of special

education was not involved in the decision to move its location after the end of the 2018-2019 SY.

38. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's unsupported finding that iBRAIN did not individualize the educational programs of its students.

39. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's unsupported finding that M.G. did not receive vision education services and assistive technology services.

40. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's unsupported findings concerning the tuition costs at iBRAIN.

41. The SRO erred in failing to find reversible error in the September 21st FOFD based on the IHO's unsupported finding that Parents did not cooperate in the IEP process.

## CAUSES OF ACTION

1. Defendants' failure to provide M.G. with a FAPE has violated M.G.'s rights under New York Education Law § 4400 *et seq.*, and 20 U.S.C. § 1400 *et seq.*

2. Pursuant to 20 U.S.C. § 1415(i)(2), Plaintiffs seek appellate review and reversal of SRO Bates's Decision in SRO Appeal No. 19-107, dated December 4, 2019. Plaintiffs additionally seek a reversal of IHO Carter's entire decision in Case No. 175159.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Issue an Order:

    i. Vacating SRO Decision 19-107 dated September 4, 2019;

    ii. Vacating and reversing IHO Carter's FOFD in Case No. 175159, except for the award of funding for transportation costs;

iii. Issue an order declaring that the DOE denied M.G. a FAPE for the 2018-2019 school year, that the Parent's unilateral placement at iBRAIN was appropriate for M.G., and that the equities support a full award of payment and or reimbursement of tuition and related services at iBRAIN for M.G.;

iv. Ordering the DOE to fund M.G.'s placement at iBRAIN for the 2018-2019 school year, including tuition and transportation costs;

v. Award to Plaintiffs their costs and attorneys' fees; and

vi. Grant such other and further relief as this Court deems just and proper.

Dated: April 6, 2020

_____/s/_____
Counsel Peter Albert
Brain Injury Rights Group, Ltd.
Attorney for Plaintiff
300 East 95th Street, Suite 130
New York, NY 10128
(646) 530-5035
