No. 20 CV 1707 (EK)(CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA NAVARRO CARRILLO and JOSE GARZON, on behalf of M.G. as p.n.g., and MARIA NAVARRO CARRILLO and JOSE GARZON, individually,

*Plaintiffs*,

- against -

RICHARD CARRANZA, in his official capacity as Chancellor of the NEW YORK CITY DEPARTMENT OF EDUCATION, THE NEW YORK CITY DEPARTMENT OF EDUCATION, and NEW YORK STATE EDUCATION DEPARTMENT,

*Defendants*.

**DOE'S MEMORANDUM OF LAW IN RESPONSE TO THE ORDER TO SHOW CAUSE CONCERNING TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404**

**JAMES E. JOHNSON**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007

Of Counsel: David S. Thayer
Tel: (212) 356-2649
Matter No. 2020-019323

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... III

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY.................................................... 2

ARGUMENT ................................................................................................................ 7

LEGAL STANDARD................................................................................................... 7

      POINT I ............................................................................................................ 8

            THIS ACTION COULD HAVE BEEN
            PROPERLY VENUED IN THE SOUTHERN
            DISTRICT OF NEW YORK. ................................................................... 8

      POINT II ........................................................................................................... 9

            THIS ACTION SHOULD BE TRANSFERRED IN
            THE INTERESTS OF JUSTICE. .............................................................. 9

CONCLUSION........................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bd. of Educ. v. Rowley*,
 458 U.S. 176 (1982)............................................................................................................2

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014)............................................................................................................9

*Delta Air Lines, Inc. v. Ass'n of Flight Attendants, CWA*,
 720 F. Supp. 2d 213 (E.D.N.Y. 2010) ..............................................................................10

*Doe v. E. Lyme Bd. of Educ.*,
 790 F.3d 440 (2d Cir. 2015)..............................................................................................10

*ESPN, Inc. v. Quiksilver, Inc.*,
 581 F. Supp. 2d 542 (S.D.N.Y. 2008)...............................................................................11

*F.L. v. Bd. of Educ.*,
 274 F. Supp. 3d 94 (E.D.N.Y. 2017) ................................................................................12

*Florence Cty. Sch. Dist. Four v. Carter ex rel. Carter*,
 510 U.S. 7 (1993)................................................................................................................2

*Fry v. Napoleon Cmty. Schs.*,
 137 S. Ct. 743 (2017)..........................................................................................................2

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 564 U.S. 915 (2011)............................................................................................................9

*N.B. ex rel. H.B. v. N.Y.C. Dep't of Educ.*,
 711 F. App'x 29 (2d Cir. 2017) ..........................................................................................2

*Jollado Baduria v. Sealift Holdings, Inc.*,
 CV 19-364, 2020 U.S. Dist. LEXIS 58273 (E.D.N.Y. Apr. 2, 2020)..............................7, 8

*Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*,
 397 F.3d 77 (2d Cir. 2005)................................................................................................13

*Mazuma Holding Corp. v. Bethke*,
 1 F. Supp. 3d 6 (E.D.N.Y. 2014) ................................................................................11, 12

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
 599 F.3d 102 (2d Cir. 2010)................................................................................................8

*Navarro Carrillo v. N.Y.C. Dep't of Educ.*,
    20-cv-1657 (ARR)(RLM), 2020 U.S. Dist. LEXIS 89133 (E.D.N.Y. May 19,
    2020) ..................................................................................................................5, 6, 12

*Navarro Carrillo v. N.Y.C. Dep't of Educ.*,
    No. 19-1813 (2d Cir.) .................................................................................................5

*Navarro Carrilo v. Carranza*,
    19 CV 8077 (S.D.N.Y.) ..............................................................................................5

*Navarro Carrilo v. N.Y.C. Dep't of Educ.*,
    19 CV 2944 (S.D.N.Y.) ...................................................................................... passim

*Navarro Carrillo v. N.Y.C. Dep't of Educ.*,
    384 F. Supp. 3d 441 (S.D.N.Y. 2019) ........................................................................4

*Navarro Carrilo v. N.Y.C. Dep't of Educ.*,
    No. 19-2426 (2d Cir.) .................................................................................................4

*Neske v. N.Y.C. Dep't of Educ.*,
    19-CV-2933 (VEC), 2019 U.S. Dist. LEXIS 129995 (S.D.N.Y. Aug. 2, 2019) .........4

*Reyes ex rel. R.P. v. N.Y.C. Dep't of Educ.*,
    760 F.3d 211 (2d Cir. 2014) ........................................................................................2

*Rabbi Jacob Joseph Sch. v. Province of Mendoza*,
    342 F. Supp. 2d 124 (E.D.N.Y. 2004) ......................................................................10

*Sarracco v. Ocwen Loan Servicing, LLC*,
    220 F. Supp. 3d 346 (E.D.N.Y. 2016) ......................................................................12

*Sch. Comm. of Burlington v. Dep't of Educ.*,
    471 U.S. 359 (1985) ....................................................................................................2

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ......................................................................................................8

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ....................................................................................................8

*Ventura de Paulino v. N.Y.C. Dep't of Educ.*,
    No, 19-1662-cv, No. 19-1813-cv, 2020 U.S. App. LEXIS 15825 (2d Cir. May
    18 2020) ...........................................................................................................1, 3, 4, 5

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
    889 F. Supp. 2d 235 (E.D.N.Y. 2012) .....................................................................7, 8

**Statutes**

20 U.S.C. § 1415 (2018) ............................................................................................2, 3, 4

28 U.S.C. § 112 (2018) ..................................................................................................9, 12

28 U.S.C. § 1391 (2018) ..................................................................................................8, 9

28 U.S.C. § 1404 (2018) ............................................................................................1, 6, 7, 13

N.Y. Educ. Law § 4404(2) ..................................................................................................3

**Other Authorities**

N.Y. Comp. Codes R. & Regs. tit. 8 § 279.10 ..................................................................3

**PRELIMINARY STATEMENT**

In this action brought by Maria Navarro Carrillo and Jose Garzon ("Plaintiffs"), on behalf of themselves and their child, M.G., Plaintiffs seek relief pursuant to the Individuals with Disabilities Education Act ("IDEA") against Defendants New York City Department of Education and its Chancellor Richard Carranza (collectively, "DOE"). This is the fourth action brought by Plaintiffs seeking relief under the IDEA for M.G. Two prior actions were brought in the United States District Court for the Southern District of New York, where they were assigned to the Honorable Colleen McMahon, and a third was brought in this Court before the Honorable Allyne R. Ross.

Because the interests of justice would be better served by having this action, like its predecessor *Navarro Carrilo v. N.Y.C. Dep't of Educ.*, 19 CV 2944 (S.D.N.Y.) ("*Navarro Carrillo I*"),[1] venued in the Southern District where it could be assigned to Chief Judge McMahon, DOE respectfully submits that this action would be properly transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Plaintiffs' protestations to the contrary on the basis that this action is distinct from *Navarro Carrillo I* are not only at odds with Plaintiffs' own Complaint but obscure the fact that this action and *Navarro Carrillo I* are two outgrowths of the same administrative proceeding and are thus related. Accordingly, this action should be transferred to the Southern District of New York.

---

[1] Although the lead plaintiff's name is styled as Navarro Carrilo in *Navarro Carrillo I*, in an appeal from that case, the Second Circuit has observed that this is a misspelling of the plaintiff's name. *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, No, 19-1662-cv, No. 19-1813-cv, 2020 U.S. App. LEXIS 15825, at *5 n.3 (2d Cir. May 18 2020). In this action, DOE accordingly refers to this Plaintiff as Navarro Carrillo, as she is named in the Complaint.

# BACKGROUND AND
# PROCEDURAL HISTORY

**A.     Legal Background.**

Plaintiffs purport to bring this action pursuant to the IDEA, seeking judicial review of a decision of a State Review Officer ("SRO") in the Office of State Review of the New York State Education Department pursuant to 20 U.S.C. § 1415(i)(2) (2018).[2] (*E.g.*, Compl. p. 7 ¶ 2, ECF No. 1.)

The IDEA, among other things, requires that a public school district offer a free appropriate public education ("FAPE") to students with disabilities, typically in the form of an individualized education plan ("IEP"). *See N.B. ex rel. H.B. v. N.Y.C. Dep't of Educ.*, 711 F. App'x 29, 32 (2d Cir. 2017) (citing *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206-07 (1982)); *see also Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 748-49 (2017). If a parent believes that a school district's offer of a FAPE is inadequate, she may place her child in a nonpublic school and file a due process complaint, thus commencing an administrative hearing, at which if (1) the school district fails to show that it offered an adequate FAPE, (2) the parent shows that the child's program at the nonpublic school is appropriate, and (3) the parent shows that the equities favor her, then the parent may receive reimbursement for the cost of her child's attendance at the nonpublic school. *See* 20 U.S.C. § 1415(b)(6) (2018); *Reyes ex rel. R.P. v. N.Y.C. Dep't of Educ.*, 760 F.3d 211, 215 (2d Cir. 2014); *see also generally Florence Cty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7 (1993); *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985). This is often referred to as the *Burlington/Carter* test, and the portion of the administrative proceeding in which evidence is taken in relation to this test is often colloquially referred to as

---

[2] An SRO reviews the decisions of an Impartial Hearing Officer ("IHO"). *See* 20 U.S.C. § 1415(g)(2) (2018).

the portion of the hearing "on the merits" or "on the FAPE claim." (*See, e.g.*, Aff. Opp. Transfer Venue ¶¶ 3, 5, May 26, 2020, ECF No. 16.)

When a parent files a due process complaint relating to a particular school year, if her child is already attending a nonpublic school, the so-called "pendency" or "stay put" provision of the IDEA, 20 U.S.C. § 1415(j), ensures that the child's learning environment remains stable by requiring the public school district to maintain the child's placement at the nonpublic school pending final adjudication of the due process complaint. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, No. 19-1662-cv, No. 19-1813-cv, 2020 U.S. App. LEXIS 15825, at *9-10 (2d Cir. May 18, 2020). This maintenance is often in the form of contemporaneous or prospective funding of the child's attendance at the nonpublic school.

In advance of the "merits" portion of an IDEA administrative proceeding, *i.e.*, that portion in which evidence is taken in relation to the *Burlington/Carter* test, there may be preliminary hearings in relation to a child's rights under the pendency provision. Although this pendency portion of the administrative proceeding does not address the "merits" of the school district's offer of a FAPE, it is a part of the same administrative proceeding in which a FAPE claim is adjudicated.

At the time of its issuance, an IHO decision concerning pendency may be appealed to a higher tribunal, either to an SRO, N.Y. Comp. Codes R. & Regs. tit. 8 § 279.10(d), or, in some circumstances, directly to a judge in a federal or state court, *see Ventura de Paulino*, 2020 U.S. App. LEXIS 15825, at *16-18. A final decision of an IHO on the merits may be appealed to an SRO, N.Y. Educ. Law § 4404(2); 20 U.S.C. § 1415(g), and a party that believes an earlier decision concerning pendency was improperly decided may also seek review of a pendency decision in this final appeal as well, N.Y. Comp. Codes R. & Regs. tit. 8 § 279.10(d).

An SRO decision may subsequently be reviewed in a state or federal court. *Ventura de Paulino*, 2020 U.S. App. LEXIS 15825, at *8-9 (citing 20 U.S.C. § 1415(i)(2)).

**B.**     *Navarro Carrilo I.*

As noted *supra*, this is the fourth action commenced by Plaintiffs concerning their rights under the IDEA vis-à-vis M.G.'s attendance at the International Institute for the Brain ("iBRAIN"). Furthermore, it is the second action concerning M.G.'s attendance at iBRAIN during the 2018-2019 school year. The first action, *Navarro Carrilo v. N.Y.C. Dep't of Educ.*, 19 CV 2944 (S.D.N.Y.) ("*Navarro Carrillo I*"), remains pending in the United States District Court for the Southern District of New York before Chief Judge McMahon.

In that action, Plaintiffs contend that a decision of an Impartial Hearing Officer ("IHO"), which denied Plaintiffs an entitlement to pendency funding under 20 U.S.C. § 1415(j) for the 2018-19 school year, should be reversed. Compl., *Navarro Carrillo I*, ECF No. 1. On a preliminary injunction motion, Chief Judge McMahon directed DOE to fund M.G.'s tuition for the 2018-19 school year pursuant to 20 U.S.C. § 1415(j). *Navarro Carrilo v. N.Y.C. Dep't of Educ.*, 384 F. Supp. 3d 441, 465 (S.D.N.Y. 2019).[3,4] DOE appealed this order to the Second Circuit, and on May 18, 2020, the Second Circuit vacated Chief Judge McMahon's order on the

---

[3] In ruling against the DOE, Chief Judge McMahon addressed a matter that was of first impression in this Circuit: May parents, without the consent of a public school district, move their child from a nonpublic school, where they receive public funding for tuition, to another nonpublic school and continue to receive public funding, and if so, under what circumstances? District judges had reached different conclusions in answering this question. *Compare, e.g.*, *Navarro Carrilo v. N.Y.C. Dep't of Educ.*, 384 F. Supp. 3d 441 (S.D.N.Y. 2019), *with Neske v. N.Y.C. Dep't of Educ.*, 19-CV-2933 (VEC), 2019 U.S. Dist. LEXIS 129995 (S.D.N.Y. Aug. 2, 2019).

[4] Chief Judge McMahon also stayed her order on the preliminary injunction motion, and Plaintiffs subsequently appealed this stay. Order, June 26, 2019, *Navarro Carrillo I*, ECF No. 29; *see also generally Navarro Carrilo v. N.Y.C. Dep't of Educ.*, No. 19-2426 (2d Cir.).

preliminary injunction and remanded the case with instructions to dismiss for failure to state a claim. *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, No, 19-1662-cv, No. 19-1813-cv, 2020 U.S. App. LEXIS 15825, at *31-32 (2d Cir. May 18 2020). Plaintiffs have petitioned for a rehearing before the appellate panel and/or before the *en banc* Second Circuit. *See generally* Plaintiffs-Appellees' Petition for Rehearing or Rehearing En Banc, *Navarro Carrillo v. N.Y.C. Dep't of Educ.*, No. 19-1813 (2d Cir. May 29, 2020). The Second Circuit has not yet issued an order in relation to this petition.

C. *Navarro Carrillo II* and *Navarro Carrillo III.*

Plaintiffs also commenced a second action against the DOE in the Southern District that was assigned to Chief Judge McMahon, *Navarro Carrilo v. Carranza*, 19 CV 8077 (S.D.N.Y.) ("*Navarro Carrillo II*"). In that action, which concerned the 2019-2020 school year, Plaintiffs sought pendency funding before receiving an order on the subject from an IHO. Compl. ¶¶ 24-27, *Navarro Carrillo II*, ECF No. 11. On March 30, 2020, Plaintiffs voluntarily dismissed *Navarro Carrillo II*, Notice of Voluntary Dismissal, *Navarro Carrillo II* (S.D.N.Y. Mar. 30, 2020), ECF No. 49, on the grounds that it had been mooted by a March 25, 2020 IHO decision in the underlying administrative proceeding concerning the 2019-2020 school year and that granted Plaintiffs pendency funding. Letter, *Navarro Carrillo II* (S.D.N.Y. Mar. 30, 2020), ECF No. 48. On March 31, 2020, DOE's counsel indicated that it would be appealing that March 25, 2020 IHO decision to an SRO. K. Ashanti Decl., Ex. P, *Navarro Carrillo III* (E.D.N.Y. Apr. 16, 2020), ECF No. 12-16.

Plaintiffs commenced a third action in the Eastern District the following day, April 1, 2020, where it was assigned to the Honorable Allyne R. Ross. Complaint, *Navarro Carrilo v. N.Y.C. Dep't of Educ.*, 20-cv-1657 (ARR)(RLM) (E.D.N.Y. Apr. 1, 2020), ECF No. 1 ("*Navarro Carrillo III*"). In that action, Plaintiffs contended that DOE should immediately

implement the March 25, 2020 IHO decision granting them pendency funding at iBRAIN for the 2019-2020 school year, despite the fact that DOE was appealing that order to an SRO. Complaint at ¶¶ 25, 35, *Navarro Carrillo III* (E.D.N.Y. Apr. 1, 2020); *see also* Motion for Order to Show Cause and related documents (E.D.N.Y. Apr. 16, 2020), ECF Nos. 11-13.

On April 24, 2020, DOE moved for a change of *Navarro Carrillo III*'s venue pursuant to 28 U.S.C. § 1404(a). Motion to Change Venue and related documents, *Navarro Carrillo III* (E.D.N.Y. Apr. 24, 2020), ECF Nos. 18-19, 21-22. On May 19, 2020, Judge Ross denied Plaintiffs' motion for an order to show cause and *sua sponte* dismissed *Navarro Carrillo III* for failure to state a claim. *Navarro Carrillo v. N.Y.C. Dep't of Educ.*, 20-cv-1657 (ARR)(RLM), 2020 U.S. Dist. LEXIS 89133, at *4-5 (E.D.N.Y. May 19, 2020). Judge Ross further denied DOE's motion for a change of venue, reasoning that, because her decision "completely dispose[d] of" *Navarro Carrillo III*, a transfer of venue would not "promote 'the convenience of the parties and witnesses' or 'the interest of justice.'" *Id.* at *2 (quoting 28 U.S.C. § 1404(a)).

### D. Procedural History of This Action.

Meanwhile, during the time that *Navarro Carrillo I* and its appeal were litigated in federal court, the underlying administrative proceeding in relation to the 2018-2019 school year advanced beyond the topic of pendency to the merits, *i.e.*, to the *Burlington/Carter* hearing. This hearing resulted in a September 21, 2019 IHO Findings of Fact and Decision ("FOFD") that was largely adverse to the Plaintiffs, though it ordered DOE to reimburse the parents for, *inter alia*, transportation of M.G. to school. (*See* Compl. ¶ 19, ECF No. 1.) DOE appealed that portion of the FOFD ordering reimbursement of the parents, and Plaintiffs likewise cross-appealed those portions of the decision that were adverse to them. (*See id.* at ¶ 21.)

In a decision dated December 4, 2019, the SRO sustained DOE's appeal and dismissed Plaintiffs' cross-appeal. (Compl. ¶ 21, ECF No. 1.) In other words, DOE prevailed in all respects before the SRO.

Subsequently, Plaintiffs sought judicial review in this Court by commencing this action on April 6, 2020. Plaintiffs seek reversal of the SRO's decision in its entirety, (*see generally* Compl., ECF No. 1), including a reversal of the SRO's determination not to address the Plaintiff's claims concerning pendency, (*id.* at ¶ 24), the same subject matter at issue in *Navarro Carrillo I*.

On May 15, 2020, this Court issued an Order directing Plaintiffs to show cause as to why this action should not be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) given its "apparent relationship" with *Navarro Carrillo I*. (Order to Show Cause, May 29, 2020.) Plaintiffs responded to the Order to Show Cause on May 26, 2020, (ECF No. 16), and the Court subsequently gave DOE and the New York State Education Department leave to file responses.

## ARGUMENT

### LEGAL STANDARD

Section 1404(a) provides, "[f]or the convenience of the parties and witness, in the interests of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). "The inquiry on a motion to transfer venue is twofold: (1) whether plaintiffs could have brought the case initially in the proposed transferee forum, and (2) transfer would promote the 'convenience of the parties and witnesses in the interest of justice.'" *Jollado Baduria v. Sealift Holdings, Inc.*, CV 19-364 (GRB)(ARL), 2020 U.S. Dist. LEXIS 58273, at *10-11 (E.D.N.Y. Apr. 2, 2020) (quoting *Wyler-Wittenberg v.*

*MetLife Home Loans, Inc.*, 889 F. Supp. 2d 235, 248 (E.D.N.Y. 2012)). The latter prong of the analysis involves weighing the following factors, "none of which are singly dispositive":

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the district court's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice.

*Jollado Baduria*, 2020 U.S. Dist. LEXIS 58273, at *11 (quoting *Wyler-Wittenberg*, 889 F. Supp. 2d at 248-49). When considering these factors, the court has considerable discretion in adjudicating the motion "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). A party seeking transfer, however, must demonstrate clearly and convincingly that transfer is warranted. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010).

## POINT I

### THIS ACTION COULD HAVE BEEN PROPERLY VENUED IN THE SOUTHERN DISTRICT OF NEW YORK.

Proper venue is in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1) (2018). For the purposes of venue, an entity like DOE "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." *Id.* § 1391(c)(2). "[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal

jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . ." *Id.* § 1391(d).

Under 28 U.S.C. § 1391(b)(1), DOE and its Chancellor, sued in his official capacity, reside in the Southern District of New York in the County of New York, 28 U.S.C. § 112(b). This is because DOE's headquarters—its principal place of business—is located in the County of New York at 52 Chambers Street, New York, New York. The Southern District thus has general personal jurisdiction over DOE. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (discussing bases for general jurisdiction). The New York State Education Department, as a branch of the state government, is of course a resident of the State of New York. Thus, this action could have been properly venued in the Southern District of New York, as all defendants reside in the State of New York and the Southern District is a district in which a defendant resides. 28 U.S.C. § 1391(b)(1).

## POINT II

### THIS ACTION SHOULD BE TRANSFERRED IN THE INTERESTS OF JUSTICE.

**A.     The Southern District's Familiarity with The Case and the Interests of Justice.**

This action concerns the adequacy of DOE's offer of a FAPE to M.G. in relation to the 2018-2019 school year. Importantly, Plaintiffs previously filed an action against DOE concerning Plaintiffs' entitlement to pendency funding for the same school year, *Navarro Carrilo v. N.Y.C. Dep't of Educ.*, 19 CV 2944 (S.D.N.Y.). Plaintiffs contend that, because *Navarro Carrillo I* relates to pendency rather than the merits/FAPE claim portion of the administrative proceeding, a transfer of venue is unwarranted. (Aff. Opp. Transfer Venue ¶¶ 2-4,

9

May 26, 2020, ECF No. 16.) This is, Plaintiffs assert, because pendency claims and FAPE claims involve discrete legal analyses. (*Id.* at ¶ 5 (citing *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 453 (2d Cir. 2015).) This is not so.

To start, *Navarro Carrillo I* and the instant action are two parts of the same case, and the differing legal standards between pendency and FAPE adjudications is of no moment. Just as, in a judicial action, a preliminary injunction motion is typically decided using a different legal standard than the standard used to decide a summary judgment motion, so too are pendency issues in an IDEA administrative proceeding adjudicated preliminarily using a standard that differs from the ultimate merits of a FAPE claim. (*See* Aff. Opp. Transfer Venue ¶ 5, May 26, 2020, ECF No. 16.) Yet in neither scenario do the differing standards mean that an action or a proceeding at the time of a preliminary determination is a different action or proceeding at judgment. Plaintiffs' emphasis on the distinction between these two standards thus misses the mark and obscures the fact that *Navarro Carrillo I* before Chief Judge McMahon and this action are outgrowths of the same administrative proceeding and thus closely related. "'[T]he existence of a related action in [a] transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative.'" *Delta Air Lines, Inc. v. Ass'n of Flight Attendants, CWA*, 720 F. Supp. 2d 213, 219 (E.D.N.Y. 2010) (quoting *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004)). The Court should therefore transfer this action to the Southern District of New York.

Furthermore, in their Response to the Order to Show Cause, Plaintiffs declare that "this case solely concerns Plaintiffs' FAPE claim, and does not involve the Plaintiffs' pendency claim." (Aff. Opp. Transfer Venue ¶ 3, May 26, 2020, ECF No. 16.) Curiously, Plaintiffs fail to acknowledge, however, that their Complaint asserts that the "SRO erred in failing to find

reversible error in the September 21st FOFD based on IHO Carter's refusal to find that M.G.'s pendency placement for the 2018-2019 SY is at iBRAIN, despite the reversal of the IHO's pendency order to the contrary." (Compl. ¶ 24, ECF No. 1.) To support this assertion, Plaintiffs cite Chief Judge McMahon's "essentially reversed" decision in *Navarro Carrillo I*. (*Id.* at ¶¶ 24 n.2, 25.) Plaintiffs are thus hoisted with their own petard: their attempts to draw an artificial line between this action and *Navarro Carrillo I* are undermined by their own Complaint, which puts pendency (and *Navarro Carrillo I*) directly at issue in this action. Plaintiffs thus expose themselves and DOE to the risk of inconsistent obligations concerning pendency from this action and from *Navarro Carrillo I*. This action should therefore be transferred to the Southern District to lessen such risks.

Because (1) Plaintiffs put pendency at issue in both *Navarro Carrillo I* and this action and (2) *Navarro Carrillo I* and this action are outgrowths of the same administrative proceeding and thus closely related, the Court should transfer this action to the Southern District of New York. This will avoid inconsistent judgments concerning pendency and will ensure that this action is considered by a Court that is intimately familiar with the parties and the history of their litigation concerning the 2018-2019 school year. Such a transfer is consistent with the interests of justice.

### B. Convenience of the Parties and the Weight Afforded the Plaintiff's Choice of Forum.

"'The plaintiff's choice of forum is generally entitled to deference, unless the forum chosen is not the plaintiff's home forum.'" *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 29 (E.D.N.Y. 2014) (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008)).

Plaintiffs live in the County of Bronx. K. Ashanti Decl., Ex. N, at p. 1, *Navarro Carrillo III* (E.D.N.Y. Apr. 16, 2020), ECF No. 12-14. The County of Bronx is within the Southern District of New York. 28 U.S.C. § 112(b). Because the Eastern District is not Plaintiffs' home forum, therefore, Plaintiffs' choice to litigate in this Court is not entitled to deference. *Mazuma*, 1 F. Supp. 3d at 29. In addition to their residence in the Southern District, the nonpublic school that M.G. attends is in the County of New York in the Southern District, https://ibrainnyc.org/, and a prior action involving the same parties and the same school year (*Navarro Carrillo I*) was commenced in the Southern District. This action should be therefore transferred to the Southern District.

**C.     Relative Means of the Parties.**

Where a plaintiff in an action is a natural person and the defendant is a corporation, consideration of the relative means of the parties often requires a court to favor a plaintiff's choice of forum in order to eschew burdens to the plaintiff caused by a transfer. *See Sarracco v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 346, 360 (E.D.N.Y. 2016). "However, courts typically consider the difficulty that is posed on plaintiffs who are facing transfers to far-away forums, not their home forum." *Id.* Here, Plaintiffs oppose a transfer to their (and their counsel's) home forum, negating any would-be burden on their finances that a transfer might otherwise entail. Transfer to the Southern District would therefore not be prejudicial to the Plaintiffs (and indeed, would be convenient for them).

**D.     Trial Efficiency and Evidentiary Considerations.**

IDEA cases are usually not conducted with a trial but are instead adjudicated through summary judgment practice based on a certified administrative record, though "the Second Circuit has observed that 'the procedure is in substance an appeal from an administrative determination, not a summary judgment.'" *F.L. v. Bd. of Educ.*, 274 F. Supp. 3d 94, 111-12

12

(E.D.N.Y. 2017) (quoting *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005)). Accordingly, concerns about trial efficiency, the convenience of any particular forum for witnesses, the need for issuance of process, and the location of documents and other evidence are likely inapplicable to this action.

## CONCLUSION

**WHEREFORE**, the Defendant New York City Department of Education respectfully submits that this Court should issue an order transferring this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), and grant to Defendant such other and further relief as the Court may deem just and proper.

Dated:     June 8, 2020
              New York, New York

                                          **JAMES E. JOHNSON**
                                          *Corporation Counsel of the City of New York*
                                          Attorney for DOE
                                          100 Church Street, Room 2-106
                                          New York, NY 10007
                                          t: (212) 356-2649
                                          f: (212) 356-1148
                                          e: dthayer@law.nyc.gov

By:    /s/ David S. Thayer
           DAVID S. THAYER
           *Assistant Corporation Counsel*