```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x

MARIA NAVARRO CARRILO and JOSE GARZON, on
behalf of M.G. as p.n.g., and MARIA
NAVARRO CARRILO and JOSE GARZON,
individually,
                                              MEMORANDUM AND ORDER
                Plaintiffs,                   20-CV-1707(EK)(CLP)

        -against-

RICHARD CARRANZA, in his official
capacity as Chancellor of the NEW YORK
CITY DEPARTMENT OF EDUCATION, et al.,

                Defendants.
----------------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiffs, parents and their child, commenced this action on April 6, 2020. Upon identifying a related case proceeding before Judge Colleen McMahon in the Southern District of York, this Court issued an Order to Show Cause on May 15, 2020 as to why this case should not be transferred to the Southern District for further proceedings. After reviewing the parties' responses, this Court finds that the action should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

**I.   Background**

Plaintiffs' complaint is one of the many actions filed in New York courts challenging DOE's refusal to grant educational funding under the Individuals with Disabilities

1

Education Act (IDEA) for students who transferred from iHope to iBrain in recent years without prior authorization from DOE.[1] IDEA obligates the DOE to offer special-needs children a "free and appropriate public education" (FAPE). 20 U.S.C. § 1400(d)(1)(A); *see also Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982) (FAPE must be "reasonably calculated to enable the child to receive educational benefits"). If parents believe DOE failed to offer a FAPE for a given year, they may transfer their child to a nonpublic school and then file an administrative complaint seeking reimbursement for that year. 20 U.S.C. § 1412(a)(10)(C). Because these complaints take time to process, students are entitled to receive interim funding during the pendency of their application under Section 1415(j), provided the student remains in their "then-current educational placement." 20 U.S.C. § 1415(j).

DOE reimbursed Plaintiffs for their child's 2017-18 year at iHope. Compl. at ¶ 11, ECF No. 1. The following year, Plaintiffs unilaterally transferred their child to iBrain. *Id.* at ¶¶ 12-13. As they had done the previous year at iHope, Plaintiffs sought to secure both pendency funding and reimbursements for the upcoming 2018-19 term at iBrain. *Id.* at ¶ 16. On July 9, 2018, Plaintiffs filed an administrative

---

[1] iHope and iBrain are private schools for special-needs children. Complaint at ¶¶ 9-10, 13-15, ECF No. 1 (Compl.).

complaint claiming DOE failed to offer a FAPE and that the child's appropriate placement was at iBrain. *Id*. The complaint also requested pendency funding under Section 1415(j). *Id*. DOE ultimately denied both of Plaintiffs' requests – for pendency funding, and on the merits of final reimbursement for the year. Those denials are the subject of this action.

On March 5, 2019, the initial hearing officer (IHO) assigned to Plaintiffs' case rejected Plaintiffs' request for pendency funding, finding the child's educational program at iBrain was not substantially similar to the one at iHope. Complaint at ¶ 17, Navarro Carrilo v. New York City Dep't of Educ., 19-cv-2944, ECF No. 1 (*Navarro I*). Shortly thereafter, Plaintiff filed a complaint in the Southern District of New York seeking a preliminary injunction vacating DOE's decision with respect to pendency funding at iBrain for the 2018-19 year. *Navarro I*, Complaint at 5, ECF No. 1. The case was assigned to Judge McMahon. On June 13, 2019, Judge McMahon granted the preliminary injunction, finding that iHope and iBrain were "substantially similar . . . such that [the child's] enrollment in iBrain did not constitute a 'change in educational placement.'" *Navarro I*, Memorandum Decision & Order at 34, ECF No. 19. Following Judge McMahon's decision, on June 18, 2019, DOE filed a notice of appeal to the Second Circuit and requested that Judge McMahon stay the injunction while their appeal was

pending. *Navarro I*, Notice of Appeal, ECF No. 21; *Navarro I*, Letter Motion to Stay, ECF No. 22. Judge McMahon granted the stay on June 26, 2019. *Navarro I*, Order, ECF No. 29.

Meanwhile, DOE continued to process Plaintiffs' request to be reimbursed for the 2018-19 schoolyear at iBrain. On September 21, 2019, the IHO concluded that DOE was not obligated to fund Plaintiffs' tuition for the 2018-2019 schoolyear but ordered DOE to reimburse the parents for certain expenses. Compl. at ¶ 19. Both parties appealed to the state review officer (SRO). *Id.* at ¶ 20. On December 4, 2019, the SRO sustained DOE's appeal and dismissed Plaintiff's cross-appeal, granting total victory to DOE with respect to reimbursement for the 2018-2019 schoolyear. *Id.* at ¶ 21. Plaintiffs did not bring any legal action in immediate response to DOE's final decision on their 2018-19 application.

In the meantime, however, Plaintiffs brought two additional complaints concerning pendency funding for the following schoolyear, 2019-20. First, Plaintiffs filed an action in the Southern District of New York seeking equitable relief and damages arising from the "delay and/or failure" by DOE to provide pendency funding for the 2019-20 schoolyear. Complaint at 7, Navarro Carrilo v. Carranza, 19-cv-8077, ECF No. 11 (*Navarro II*). This action was referred to Judge McMahon as related to *Navarro I*. *See Navarro II*, Related Case Affirmation

4

at 1, ECF No. 6.  Plaintiffs voluntarily dismissed the action as moot once DOE granted Plaintiffs' request for pendency funding. *Navarro II*, Letter at 1, ECF No. 48; *Navarro II*, Notice of Voluntary Dismissal at 1, ECF No. 49.

With their remaining claim stayed before Judge McMahon in the Southern District, Plaintiffs then turned to the Eastern District of New York.  After the DOE indicated that it would appeal DOE's decision to grant 2019-20 pendency funding to an SRO, *Navarro II*, Letter at 1, ECF No. 50, Plaintiffs filed a third complaint on April 1, 2020, which was assigned to Judge Allyne R. Ross.  Complaint, Navarro Carrilo v. New York City Dep't of Educ., 20-cv-1657, ECF No. 1 (*Navarro Carrilo III*). *Navarro III* sought an injunction immediately implementing DOE's March 20, 2020 decision to grant pendency funding for the 2019-20 schoolyear.  *Navarro III*, Complaint at 8, ECF No. 1; Order to Show Cause at 1-2, ECF No. 11.  This claim has since been dismissed, for reasons explained below.

Five days after commencing *Navarro III*, Plaintiffs brought this action, also in the Eastern District (*Navarro IV*). Unlike *Navarro II* and *III*, *Navarro IV* concerns the 2018-19 schoolyear – the same one at issue in *Navarro I*, which remains stayed in the Southern District.  While *Navarro I* challenged the DOE's refusal to grant pendency funding for 2018-19, *Navarro IV* seeks to reverse DOE's December 4, 2019 decision denying

5

Plaintiffs' request for reimbursement for the 2018-19 term, Compl. at 7-8, including the SRO's failure to "find reversible error" in DOE's refusal to grant pendency funding for the same year. *Id*. at ¶ 24. *Navarro I* and *IV* thus challenge two points in the same administrative process.

On May 18, 2020 the Second Circuit decided DOE's appeal in *Navarro I* in tandem with a similar appeal from another case. Ruling in DOE's favor, the Court reversed the injunction in *Navarro I*, finding that parents who unilaterally transferred their children from iHope to iBrain are not entitled to Section 1415(j) pendency funding. Opinion, de Paulino v. New York City Dep't of Educ., 19-cv-1662, ECF No. 149 (*de Paulino*). Accordingly, Judge Ross dismissed *Navarro III* for failure to state a claim, rather than transfer the case to the Southern District. *Navarro III*, Order at 1, 3-4, ECF No. 24. Plaintiffs then petitioned the Second Circuit for rehearing. *See de Paulino*, Petition for Rehearing, ECF No. 162. The proceedings in *Navarro I*, therefore, remain stayed.

## II. Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). In deciding whether to transfer an action under Section 1404, courts conduct a two-

6

part test.  *See Ahmed v. TJ Maxx Corp.*, 777 F. Supp. 2d 445, 448 (E.D.N.Y. 2011).  First, the Court must find that the action "might have been brought" in the transferee court.  *See id.; see also Schertenleib v. Traum*, 589 F.2d 1156, 1161 (2d Cir. 1978).  Second, courts consider whether the transfer would promote convenience and justice.  *See Ahmed*, 777 F. Supp. 2d at 448.  In doing so, courts weigh several factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006).

Given the close physical proximity of the Southern and Eastern Districts, courts typically find that convenience considerations pose no bar to transfers between them.  *See Ahmed*, 777 F. Supp. 2d at 449 ("[M]ost courts ordinarily find . . . that due to the close proximity" of the Eastern and Southern Districts of New York, most convenience factors "are relatively neutral with regard to transfer.").  Likewise, when a plaintiff files related claims in multiple districts, the first factor – the plaintiff's choice of forum – will not be dispositive.  *See Williams v. City of New York*, 03-cv-5342(RWS),

7

2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) (noting that the plaintiff's choice of forum "is not at issue" because the plaintiff "brought identical claims" in both districts).

This action is clearly related to the one pending before Judge McMahon. Although the claims – one concerning pendency funding, the other final reimbursement for the year – are "conceptually distinct," *Doe v. Lyme Bd. of Educ.*, 790 F.3d 440, 447 (2d Cir. 2015), both actions contest the adequacy of a single administrative process for the same child, for the same year. Moreover, this action challenges the SRO's refusal to review DOE's pendency determination for 2018-19, which is the subject of *Navarro I*. These cases are therefore related, even if they are not identical. *See, e.g., Moskowitz v. La Suisse*, 2006 WL 8439147, at *4 (E.D.N.Y. June 6, 2006) (deeming cases related despite the fact that the actions "present[] new and different claims"); *see also MASTR Asset Backed Sec. Tr. 2007 v. WMC Mortg. LLC*, 880 F. Supp. 2d 418, 424 (S.D.N.Y. 2012) (finding actions related because, although they were "not identical," they involved "the same parties," the "same or very similar" underlying issues, and "nearly identical fact patterns").

There is no doubt that Plaintiffs could have brought this action in the Southern District, where their other action is pending. Moreover, the "strong policy favoring the

8

litigation of related claims in the same tribunal," *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968), militates in favor of transfer.  *See also Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").  The proper tribunal to hear Plaintiffs' complaint is the Southern District of New York, where Plaintiffs filed first.  See *First City Nat'l Bank & Tr. Co. v. Simmons,* 878 F.2d 76, 80 (2d Cir. 1989) (noting the "well-settled principle favoring the forum wherein a [related] suit was first filed").

### III. Conclusion

For these reasons, this action is transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  The Clerk of Court is directed to transfer this case to the Southern District of New

York.  Local Rule 83.1 of the Eastern District of New York, which requires a seven-day delay between the date of this Order and transfer, is waived.

SO ORDERED.

                                                _____/s Eric Komitee_____
                                                ERIC KOMITEE
                                                United States District Judge

Dated:  Brooklyn, New York
        June 12, 2020